UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20437-CR-GRAHAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STEVEN ANDERSON,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about March 15, 2011, court-appointed defense counsel Joaquin Mendez ("Counsel") submitted a voucher application numbered FLS 10 4542 with appended time sheets requesting $10,875.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a letter of explanation dated March 14, 2011 (the "Letter of Explanation") in support of his voucher application. Counsel represented Defendant Steven Anderson ("Defendant") for just over eight (8) months from his appointment on June 16, 2010 until March 10, 2011.

Counsel seeks $10,875.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 590]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. As Counsel explained, "Mr. Anderson and thirteen co-defendants were charged with various offenses stemming from a large-scale bank (mortgage) fraud conspiracy. The scheme involved numerous loans and properties throughout the state of Florida. Mr. Anderson, who worked closely with the main conspirators, was personally involved in several transactions." (Letter of Explanation at 1). The government charged the defendants with conspiracy to commit bank fraud as well as substantive bank fraud in violation of 18 U.S.C. §§ 1344 & 1349. The grand jury returned an Indictment **[DE # 3]** in this matter on June 10, 2010.

The Indictment contained sixteen (16) counts. The government alleged that Defendant and the codefendants were involved in a mortgage fraud conspiracy scheme to recruit straw buyers to purchase vacant land properties. The purpose of the scheme was to obtain money from various banks and lending institutions to finance the purchase of the properties through materially false representations and fraudulent pretenses concerning the true purchasers of the properties.

The scheme required the straw buyers to pose as the buyers when, in fact, the straw buyers were not to be either the true owners of the properties or responsible for making the

monthly mortgage payments. Rather, other unqualified third persons were to be the true owners of the properties. In the scheme, the straw buyers would purchase the properties at highly inflated prices by obtaining mortgages on the properties. The true owners of the properties would fail to make payments on the mortgages and default on the loans. The various banks and lending institutions would be forced to foreclose on the properties, suffering large losses.

In Count I of the Indictment, the government charged Defendant with conspiracy to commit bank fraud. Defendant faced a maximum sentence of thirty (30) years imprisonment. In Counts IV, V, VI, VII, VIII, IX, X, XI, XIII and XIV of the Indictment, the government charged Defendant with substantive bank fraud. Defendant faced a maximum sentence of thirty (30) years imprisonment for each of these counts.

Second, this case was extremely document intensive. The discovery "consisted of a large number of financial records, as well as numerous reports of interviews of many witnesses." (Letter of Explanation at 1). The sheer volume of documents which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, Counsel incurred a large amount of time negotiating a plea with the government. "After carefully considering his options, Mr. Anderson decided to plea and cooperate with the government. That decision resulted in a series of meetings with the prosecutor and FBI agents in which Mr. Anderson shared all the information he had concerning his involvement in this extended conspiracy. Mr. Anderson's decision to cooperate also resulted in meetings specifically intended to help prepare him for testimony at trial." (Letter of Explanation at 1).

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 1.9 in-court hours totaling $237.50. The CJA administrator made no changes to the in-court hours listed in the voucher.

The CJA administrator also reviewed the 85.1 out-of-court hours sought by Counsel. Counsel sought compensation for 41.9 hours for "Interviews and conferences" and 30.4 hours for "Obtaining and reviewing records." Counsel also sought compensation for 12.8 hours for "Legal research and brief writing". The CJA administrator slightly increased the number of hours sought by Counsel for "Interviews and Conferences" to 43.7 hours.

The CJA administrator also slightly increased the number of hours for "Obtaining and reviewing records" to 31.4 hours. This resulted in an increase of the total number of out-of-court hours to 87.9 (from 85.1) with a total dollar amount of $10,987.50 (from $10,637.50). After making the small adjustments described above, the CJA administrator concluded that the overall total amount documented by Counsel in the voucher increased slightly from $10,875.00 to $11,225.00.

## In-Court Hours[1]

Counsel sought 1.9 in-court hours totaling $237.50. The CJA administrator made no corrections to either number. I approve this amount as reasonable.

## Out-of-Court Hours

In the voucher, Counsel sought compensation for a total of 85.1 out-of-court hours. The CJA administrator reviewed the voucher and slightly increased the total number of out-of-court hours to 87.9 for a total of $10,987.50 (from $10,637.50).

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that are not appropriate uses of billable time. I specifically recommend that the time spent on the following entries be reduced:

| Date | Description | Hours |
|---|---|---|
| 9/23/10 | Draft *and file motion for leave to travel* | 0.7 hours [reduce to 0.5 hours] |
| 11/23/10 | Obtain and review exhibits to sentencing memorandum; *draft and file notice of filing exhibits*; telephone conference with AUSA regarding sentencing hearing | 1.6 hours [reduce to 1.4 hours] |
| 12/17/10 | Draft *and file motion to modify bond* | 0.8 hours [reduce to 0.4 hours] |

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

I recommend that the italicized portions of the entries above be reduced because these entries are clerical duties that are not compensable under the CJA. The Guidelines make clear that "[g]eneral office overhead includes general office expenses that would normally be reflected in the fee charged to the client. The statutory [hourly] fee is intended to include compensation for these general office expenses." Section § 230.66.10 of the Guidelines. Absent extraordinary circumstances, secretarial expenses and telephone services are not compensable under the CJA whether or not performed by counsel. *See id.* The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the italicized entries which amounts to a reduction of $100.00.

Counsel also included two other entries describing tasks that are not compensable under the CJA:

| Date | Description | Hours |
|---|---|---|
| 6/23/10 | *Telephone conference with M Stewart (signator) regarding bond; telephone conference with Special Agent regarding client's belongings* | 0.8 hours [Eliminate] |
| 9/23/10 | *Telephone conference with client regarding summons regarding hearing in New Jersey; telephone conference with USPO regarding same; telephone conference with AUSA regarding same* | 0.9 hours [Eliminate] |

I recommend that the above entries be eliminated because the Supplemental Instructions explain that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." With respect to the time incurred by Counsel while offering guidance to Defendant regarding his state court legal issues (related to paternity proceedings in New Jersey), that time is not compensable under the CJA because it is not time which contributed to Defendant's defense in this case. Moreover, time incurred by Counsel counseling the signatories of a bond or trying to arrange for the disposition of Defendant's property is "hand holding" that is also not compensable under the CJA.

Consequently, I recommend that Counsel should not be compensated for the two entries listed above which amounts to a reduction of $212.50. I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $10,675.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL

2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $10,675.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## CONCLUSION

I commend Counsel for his professionalism and his continued willingness to take accept CJA appointments; the undersigned continues to be appreciative of Counsel's service. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the March 14, 2011 Letter of Explanation, the docket and filings in this case, I RECOMMEND that Counsel be paid $10,912.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 26 day of May, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
  Joaquin Mendez, Esq.
  Lucy Lara, CJA administrator